20203

Ex parte SOUTH CAROLINA DEPARTMENT OF SOCIAL SERV-
ICES, Appellant. In re Terry CARTER, child under the age of
seventeen (17) years, Respondent.

(223 S. E. (2d) 860)

*Messrs. Daniel R. McLeod, Atty. Gen., Raymond G. Halford* and *Edwin E. Evans, Asst. Attys. Gen.,* and *Lincoln C. Jenkins, III, Staff Atty.,* of Columbia, *for Appellant,*

*James G. Bogle, Jr., Esq.,* of Columbia, *for Respondent,*

April 6, 1976.

LITTLEJOHN, Justice:

This is an appeal by the South Carolina Department of Social Services (D. S. S.) from the order of the Richland County Family Court, directing that D. S. S. pay out funds necessary to enroll and maintain Terry Carter, a minor, at the Devereaux School in Pennsylvania.

D. S. S. complains, among other things, that the Family Court has no jurisdiction to order D. S. S. to expend funds. There is no need for us to consider other issues raised in the briefs, as we agree with the appellant's position and reverse the lower court's order.

Terry Carter appeared before the court on a petition charging him with being a runaway and requesting the court to assist the parents in controlling their child. Terry pleaded *nolo contendere*.

Evidence before the court indicated that Terry had been placed in the custody of the court a year earlier, and responsibility for his care rested with the Richland County Department of Social Services. While in their control, he was diagnosed as an emotionally disturbed child, needing long term residential treatment.

At the hearing, it was the testimony of those who had worked with Terry that the Devereaux Schools in Pennsylvania could provide the treatment that he needed. It was

stated that the cost would be approximately $18,000.00 per year, and although the County Department of Social Services had responsibility for Terry's care, it could not possibly afford this expense. A worker for the county stated that repeated attempts to have D. S. S. pay for the application fee, necessary for enrollment in the school, had met with no response.

On the basis of these facts, the court ordered D. S. S. to pay the necessary expenses of maintaining Terry at the school.

Upon learning of the court's order, D. S. S. filed notice of intention to appeal and secured from this Court a writ of *supersedeas*, staying the order directing D. S. S. to expend funds.

Counsel cites no authority, and we are aware of none, which gives to the Richland County Family Court the authority to direct that the State Department of Social Services expend necessary funds to enroll and maintain Terry Carter at a school in Pennsylvania. Accordingly, we hold that the order is invalid because the court lacked authority to grant the relief directed.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.